IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **00-cv-1077-JLK**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,

v.

**CONAGRA, INC.,
CONAGRA HIDE DIVISION,
CONAGRA BEEF COMPANIES, and
MONFORT, INC.,**

    Defendants.

---

## ORDER

---

Kane, J.

This action is before me on remand from the Tenth Circuit Court of Appeals for the reasons set forth in *United States ex rel Bahrani v. Conagra, Inc.*, 465 F.3d 1189 (10th Cir. 2006).  At the parties' request as stated in their Joint Status Report (Doc. 170) filed June 14, 2007, this matter is set for a **Status/Scheduling Conference** on **Tuesday, August 21, 2007, at 2:00 p.m.**, in Courtroom A-802 of the Alfred A. Arraj U.S. District Courthouse, 901 19th St., in Denver, Colorado.

A principal concern at the conference will be the jurisdictional issues raised in my summary judgment order from which Relator's appeal was taken and whether and to what extent those must or should be addressed, on their merits, to tailor the issues on remand. Specifically, the Tenth Circuit found the Relator had come forward with sufficient

evidence that he was the original source for his certificate claims to withstand a motion for summary judgment on that basis. Because the question on its merits forms the jurisdictional prerequisite for the majority of Relator's claims and hence the lion's share of any trial that ultimately ensues, however, Defendants ask that the original-source question be bifurcated from the trial on the merits of Relator's claims and decided first. I will address this at the conference. Moreover, as I am bound by the U.S. Supreme Court's intervening decision in *Rockwell Int'l Corp. v. United States*, 549 U.S. ___, 127 S. Ct. 1397 (2007), as well as the Tenth Circuit's decision in this case, special attention will be given to *Rockwell* at the conference and both sides should come prepared to address it.

In addition, and in light of the passage of time, the circumstances of the case, my rulings and my familiarity with the proceedings to date, the following are my observations and rulings with regard to the "Pending Motions" and "Other Issues" sections of the parties' Joint Status Report.

1. Any and all motions that were pending in this case at the time summary judgment entered against the Relator and in favor of Defendants were mooted or expunged by the entry of judgment. Given the Tenth Circuit's opinion vacating my order, however, the parties appear to agree these motions were revived and offer various suggestions on how they should be resolved now on remand. Accordingly, to the extent Relator's Second Motion for Sanctions (Doc. 116) remains pending, that Motion is DENIED and the parties are advised that they come to these proceedings

      on remand with a clean slate.  Principals and counsel are admonished to conduct themselves with the utmost decorum and good faith and counsel shall extend to each other every professional courtesy.

2.    Defendants' January 8, 2003 Motions to Exclude the Expert Testimony of Williams, Bradley and Mina (Docs. 100 and 101) are also DENIED, without prejudice to their being reasserted, if necessary and appropriate, at a later date. Should the parties have any scheduling conflicts with the August 21 conference date, they should confer with each other and contact chambers jointly to reset it.

Dated July 5, 2007.                              **s/John L. Kane**  
                                                          SENIOR U.S. DISTRICT JUDGE