IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-cv-1077-JLK-KLM

UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,

     Plaintiff(s),

v.

CONAGRA, INC.
CONAGRA HIDE DIVISION,
CONAGRA BEEF COMPANIES, and
MONFORT, INC.

     Defendant(s).
_____

## ORDER ON RELATOR'S EMERGENCY MOTION FOR SANCTIONS FOR DISCOVERY ABUSE
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Relator's Emergency Motion For Discovery Abuse [Docket No. 187; Filed December 11, 2007] (the "Motion"). Defendants filed a Response on December 18, 2007 [Docket No. 189] (the "Response"), and Relator filed a Reply on December 28, 2007 [Docket No. 190] (the "Reply"). The Motion was referred to this Court by the District Court on January 30, 2008 [Docket No. 195]. The Court has reviewed the pleadings, the case file and applicable case law and is sufficiently advised in the premises. Accordingly,

     IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**, as set forth below.

## I.  Introduction

This is a *qui tam* action brought pursuant to the False Claims Act, 32 U.S.C. § 3729(a)(7) (the "Act").  Relator asserts that he is entitled to damages under the reverse false claims provision of the Act because Defendants' employees regularly altered or forged United States Department of Agriculture export certificates pertaining to meat products instead of obtaining "in lieu of" or replacement certificates, in contravention of applicable federal regulations.  Complaint ¶¶ 33-48 [Docket No. 1].

## II.  Factual and Procedural History

This case has a lengthy history, the relevant portions of which are set forth here. The original Complaint was filed in May of 2000.  Almost two years later, the Relator filed a Motion to Compel in which he sought, among other documents, copies of all export certificates in the possession or control of Defendants related to international shipments of cow hides, beef, pork and poultry.  Relator's Motion to Compel at 17-18 [Docket No. 33; Filed April 17, 2002].  The District Court held a hearing on the motion and granted it.  The Court further released Relator from discovery deadlines, required Defendants to provide "full and complete" responses to Relator's discovery requests by June 3, 2002, and awarded Relator his costs.  Transcript of Hearing on Relator's Motion to Compel at 24-25 [Docket No. 40].

On September 30, 2004, the District Court entered summary judgment against Relator as to all of his claims.  [Docket No. 135].  Relator subsequently filed an appeal which resulted in a decision by the Tenth Circuit Court of Appeals vacating the District Court's order and remanding the case for further proceedings.  *United States ex rel.*

*Bahrani v. ConAgra, Inc.*, 465 F.3d 1189 (10th Cir. 2006). In summary, the Tenth Circuit held that Relator could assert claims against Defendants under the reverse false claims provision of the Act regarding export certificates which contained material – i.e., significant or major – changes. *Id.* at 1200. Defendants' Petition for Rehearing *En Banc* was denied on May 10, 2007.

In a post-appeal status report requested by the District Court, the parties explained the need to complete discovery regarding export certificates and suggested that Relator would provide Defendants with "a list of all export certificates on which his claims are based" and copies thereof by December 17, 2007. Joint Status Report at 3 [Docket No. 170; Filed June 14, 2007]. Less than one week before the deadline for Relator to compile his list and provide copies of relevant export certificates, he filed the instant Motion.

### III. Discussion

#### A.     Review of Legal Authority

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery and imposing sanctions in appropriate circumstances. Pursuant to Rule 37(c), the Court may prevent a party who has failed to provide information as required by Rule 26(a) or (e) from using the information wrongfully withheld in subsequent proceedings. The Court may also order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & (c)(1)(A), (C). Rule 37 sanctions are imposed not merely to reimburse

the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). "[T]he chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citation omitted).

### B.    Analysis

Relator asserts that he has had to endure an ongoing pattern of discovery abuses in this case, first recognized by the District Court in 2002 when it imposed sanctions on Defendants and required them to produce copies of all export certificates by June 3, 2002. Motion at 2-3 [Docket No. 187]. Relator asserts that as third-party discovery continued in the case, he obtained export certificates in response to subpoenas that were not matched by documents produced by Defendants. Relator alleges that after he "forced the issue," Defendant ConAgra "produced thousands of [sic] more certificates which it 'found' after being pressed to do so." *Id.* at 3.

Relator asserts that this pattern of misbehavior continued and led to disclosure by defense counsel of the existence of 45 additional boxes of export documents on December 6, 2007. Relator reports that Defendant ConAgra's counsel stated that defendant would have "even more boxes of export certificates (about another 24 or so boxes) shipped to [counsel's] office in Denver" in the middle of December. *Id.* at 5. Relator states that upon review of the late-produced boxes, he discovered documents relating to cow hides, which

Defendants had "long ago represented . . . had been produced in their entirety." *Id.*

Relator seeks a variety of sanctions, some presented in his Motion and some in his Reply. Careful review of Relator's pleadings divulges the following list of suggested sanctions: **(1)** appointment of a Special Master to attend production of the sixty-nine boxes of additional documents and to determine the number of certificates not previously produced by Defendants, *id.* at 8-9; **(2)** entry of an Order precluding defense counsel from "tamper[ing] with, remov[ing] documents from, or otherwise disturb[ing] in any way the contents of the 69 boxes," *id.* at 8; **(3)** entry of an Order deeming each previously undisclosed certificate to contain major or significant alterations and imposing the minimum False Claims Act fine of $5,500 for each such certificate, *id.* at 9, Reply at 9-10 [Docket No. 190]; **(4)** entry of an Order striking all of Defendants' defenses as to the late-produced documents, Motion at 9 [Docket No. 187]; **(5)** dispersal of fines "to the United States Government and the Relator," *id.* at 9; **(6)** payment by Defendant ConAgra of Relator's reasonable attorneys' fees incurred in preparation of the Motion, *id.*; **(7)** continuance of the deadline for Relator to identify and produce copies of the altered certificates to 60 days before trial and entry of an Order requiring Defendants to produce all documents identified by Relator every two weeks until that date, *id.*; **(8)** entry of an Order compelling Defendants to disclose all locations where relevant export certificates may be stored within 10 days and to produce copies of any lists identifying the contents of boxes stored there, Reply at 8-9 [Docket No. 190]; **(9)** entry of an Order compelling Defendants to produce all such documents and allowing Relator to issue third-party subpoenas for them, *id.* at 9; and **(10)** entry of an Order allowing Relator to inspect documents at any facility where they may be

located until March 31, 2008 and setting a predetermined penalty for each export certificate not previously produced by Defendants, *id.* at 9-10.

Defendants respond with affidavits from defense counsel, a paralegal and a client representative, as well as copies of correspondence, detailing the "particularly complicated and challenging" nature of production of the export certificates at issue in this case. Response at Exhibit B, ¶ 3 [Docket No. 189-2]. Defendants' exhibits demonstrate an on-going effort to locate and produce relevant documents in response to the District Court's 2002 Order compelling discovery and awarding sanctions to Relator. Defendants contend, without rebuttal, that they produced more than 5,000 boxes of documents to Relator's counsel between 2002 and 2004, and that they reviewed and catalogued an additional 12,035 boxes of documents between May and August of 2007. *Id.* ¶¶ 8, 10. According to Defendants, the dispute about the allegedly late-produced 69 boxes of documents arose after Relator's counsel obtained some documents from a particular meat processing plant in Cactus, Texas, and insisted that "there should be more separately-archived Cactus records." *Id.* ¶¶ 12-15. Defense counsel's office obtained a list of box descriptions for three previously undisclosed accounts maintained at Defendants' independent storage facility and began requesting production of those boxes in October of 2007. The previously overlooked 69 boxes of documents were provided to defense counsel by the independent storage facility on December 6 and 12, 2007. As Relator admits, his counsel was promptly notified of their arrival and availability for his inspection.

Without repeating each detail of the lengthy and arduous history of production of documents in this case, suffice it to say that the Court is satisfied that Defendants took the

Court's May 2002 Order seriously and have made sufficient efforts to respond fully and completely to Relator's request for production of each and every export certificate in their control relating to international shipments of cow hides, beef, pork and poultry. As Defendants point out, "the sheer volume of documents maintained by ConAgra (tens of thousands of boxes), the span of time for which production has been sought (1991-2004), and the historical record-keeping and archiving methods employed by ConAgra and [its independent storage provider]" have created a number of challenges regarding document production in this case. *Id.* ¶ 3. In such circumstances, document production is frequently sporadic, as it has been here. After careful review of the record, the Court concludes that Defendants have not shirked or failed their discovery obligations, disobeyed an Order of the Court, nor engaged in bad faith discovery tactics regarding production of the requested documents since May 2002. Accordingly,

IT IS HEREBY **ORDERED** that Relator's request for entry of sanctions is **denied**. It goes without saying that Defendants remain obligated, pursuant to the Federal Rules of Civil Procedure, to locate and identify all documents responsive to Relator's discovery requests and to make such documents available to Relator's counsel for his inspection and copying.

IT IS FURTHER **ORDERED** that Defendants shall do so on or before **February 26, 2008**.

IT IS FURTHER **ORDERED** that Relator's request for an extension of time to identify and produce copies of the export certificates on which his claims are based is **granted**. Relator shall complete this task on or before **March 5, 2008**.

Dated: February 4, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix