IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-1077-JLK-KLM**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,
v.

**CONAGRA, INC.; CONAGRA HIDE DIVISION; CONAGRA BEEF COMPANIES, and MONFORT, INC.,**

_____

ORDER
_____

KANE, J.

    This reverse-false claims act case is set for the first phase of a bifurcated jury trial on April 28-29, 2008. The second phase is set to commence Monday, June 2, 2008, and is set for three weeks. I made several substantive rulings at this morning's Final Trial Preparation Conference that affect the integrated set of jury instructions I ordered Defendants to prepare and submit to the Chambers email account (Kane_Chambers@cod.uscourts.gov) by Friday morning. In addition, I urged the parties to consider certain stipulations regarding jurisdictional facts underlying legal conclusions related to the FCA's public disclosure bar and the Relator's status as "an original source" of his hide export certificate claims. For purposes of clarity, and to assist the parties in these tasks without having to wait for a transcript, I memorialize certain of my rulings as follows:

1.     **<u>Statement of the Case Jury Instructions</u>**. The jury will need to be educated

about the False Claims Act, what it provides, and about the bar to actions "based upon" matters that have already been publicly disclosed unless the Relator – i.e., the person who is pursuing fraud on behalf of the government – is the "original source" for his claims. This jury will need to be told the story of why that is and what their unique role is in being the factfinders necessary to assessing whether and how certain of Mr. Bahrani's claims may proceed to a different set of proceedings before a different jury at a later date. They are not going to be asked to decide Mr. Bahrani's claims on their merits or to award, or decide not to award, him monetary relief on any of his claims against Conagra. It will be important to orient the jury on the unique posture of the case so that what they are hearing and what they are being asked to do makes sense to them. Accordingly, I have prepared my own version of a proposed Statement of the Case Instruction, which I have provided to counsel and attached below.

2. <u>Public Disclosure</u>. It is both parties' position that "the timing and scope of the prior public disclosure, and whether Relator's Complaint was in fact 'based upon' such prior disclosures should be determined by the Court as a matter of law prior to trial." *See* Defs' Proposed Jury Instructions at p. 2 (¶ 8). If the parties would like to *stipulate* that Bahrani's Complaint was, "in fact," based upon such prior disclosures, they may do so (and given the liberal standard for making this determination applicable in the Tenth Circuit, *see infra*, they probably ought to). In the absence of relevant stipulations, the jury will decide *both* aspects of the public disclosure bar, namely, (1) whether this action, generally, is "based on" public disclosures out of the *Kim* litigation and (2) if so, whether

Bahrani nevertheless is an "original source" of the information on which his (a) meat and (b) hide export certificate claims are based so that his claims may proceed as an exception to that bar. Further, and because the public disclosure bar (31 U.S.C. § 3730(e)(4)(a)) bars "*actions*" based upon preexisting public disclosures, it is impossible absent a further stipulation regarding Bahrani's hide claims, to leave hide certificates out of the public disclosure/original source analysis in this case. Based on repeated reviews of the case file and in-court proceedings, I think the absence of that stipulation unnecessarily complicates both the evidence and the jury's obligations. However, this is a matter for the parties to decide. In my view, Bahrani should give thought to a stipulation that his claims are – under the liberal standard described below – "based on" publicly disclosed information out of the *Kim* litigation and Conagra should give thought to a stipulation that Bahrani's hide certificate claims are nevertheless based on information for which he is "an original source." If the parties can so stipulate, the jury in this jurisdictional phase will be charged solely with determining whether Bahrani qualifies as "an original source" of his claims that Conagra employees defrauded the government out of replacement certificate fees related to meat exports. If they cannot, we will proceed on both questions.

3. <u>Applicable legal standards</u>. The jury will assess whether Bahrani's claims are "based on" preexisting public disclosures out of *Kim* applying the broad, "quick-trigger" *Precision/Grynberg/Boothe* definition that this "encompasses actions 'even partly based

3

upon' prior public disclosures."[1] Also consistently with *Boothe*, it will assess Bahrani's status as "an original source" under the *Rockwell* definition of the term, i.e., whether Bahrani is "an original source" of the information underlying *his* particular meat (and hide) export certificate fraud claims in this case, not an "original source" of the *Kim* litigation claims. Accordingly, and absent a stipulation that the factual predicates for exercising jurisdiction over Bahrani's hide claims exist, the jury will be asked to determine (1) whether Bahrani's "action," in toto, is "even partly 'based upon' prior public disclosures [out of the *Kim* litigation]" and, (2) if so, whether Bahrani nevertheless is "an original source" for (a) his meat export certificate claims and (b) his hide export certificate claims. If Conagra stipulates that Bahrani is an original source for his hide certificate claims, then the instructions in this first phase of the bifurcated trial will be limited solely to the question of whether Bahrani is an original source of the information underlying his claim that Conagra defrauded the government by routinely failing to obtain meat export replacement certificates when it was required to do so.

4. <u>Original Source inquiry does not require the jury to make any findings regarding "major" or "minor" meat export certificate changes</u>.

In assessing whether Bahrani is "an original source" of the information underlying his claims, the jury does not need to determine Bahrani had direct and independent

---

[1] *See United States ex rel. Boothe v. Sun Healthcare Group, Inc.*, 496 F.3d 1169, 1172-74 (10th Cir. 2007)(applying *United States ex rel. Precision Co. V. Koch Indus.*, 971 F.2d 548, 552 (10th Cir. 1992) and *United States ex re. Grynberg v. Praxair, Inc.*, 389 F.3d 1038 (10th Cir. 2004)).

knowledge that Conagra employees were making "major" (as opposed to minor) changes to export certificates and not securing replacement certificates, only that employees were making changes to certificates under circumstances where it was reasonable to conclude they should obtain replacement certificates and did not do so. Stated otherwise, Bahrani cannot be deemed an "original source" of information underlying a False Claims Act claim based on personal knowledge of activities he had no reason to believe were fraudulent.

We will frame this requirement for the jury in terms of Bahrani's being the original source of information and activities he "reasonably believed" constituted an avoidance, on the part of Conagra, of an obligation to obtain and pay for replacement certificates. I am aware this articulates a new standard in the "original source" inquiry, but the nature of Relator's reverse false claim in this action – and the fact that only "materially altered" certificates even fall within the FCA's scope as potential reverse false claims – requires the jury to be given some guidance in this area. At this stage of the proceedings, the jury is only making the threshold inquiry as to whether Bahrani is an "original source" of the information underlying his *reverse false claim*. That information as a threshold matter needs to be information that some wrong was being perpetrated to the detriment of the government. Bahrani's reasonable belief that "some wrong" was being committed is sufficient and Conagra's request that the jury consider whether the changes he allegedly observed were "major" as opposed to "minor" changes is rejected. That said, however, Bahrani will not be able to establish he was "an original source" of

information underlying his reverse false claims simply with evidence that he observed employees making "changes" to meat or hide export certificates.

5. <u>Burden of Proof</u>. Because federal courts are courts of limited jurisdiction it is Mr. Bahrani's burden as the entity seeking to invoke federal jurisdiction to prove it exists. The parties agree Bahrani bears the burden of proving he is "an original source" of his claims, but Bahrani contends Defendants bear the burden of proof with respect to the initial question of whether his action is "even partly 'based upon'" the preexisting public disclosures out of the *Kim* litigation. If Bahrani stipulates that his claims are at least "partly" based upon information disclosed in *Kim*, this issue goes away. If he does not, it will be Bahrani who bears the burden of (1) refuting Defendants' contention that his claims are "based on" public disclosures out of the *Kim* litigation under the *Precision* standard and (2) that even if his claims are even "partly based on" public disclosures out of *Kim*, that he may nevertheless pursue them because he is an "original source" of the information underlying his particular claims here.

6. <u>Post-Trial Motions</u>. The question of whether Bahrani's status as "original source" of his hide and/or meat export certificate claims is limited to the two years he was employed by Conagra will be decided, if necessary, on motions to be filed after this initial trial.

Dated April 23, 2008.          **s/John L. Kane**  
                                               SENIOR U.S. DISTRICT JUDGE

# INSTRUCTION NO. 2 (JLK draft)

## Statement of the Case

Defendants are in the business of exporting animal products such as poultry, pork, beef, and beef hides to various national and international destinations. The federal government, specifically the United States Department of Agriculture (the USDA), is charged with making any necessary inspections of these products under applicable rules and regulations and then issuing paper export certificates for inclusion with Defendants' shipments of their products. Plaintiff Ali Bahrani worked for Conagra between 1996 and 1998 at its Greeley, Colorado, facility. Bahrani was a document clerk in Conagra's beef hide export department, and in the course of his job, worked with hide export certificates issued by the government. This case involves claims brought by Bahrani under the False Claims Act in which he alleges Defendants, over a period of years, defrauded the government out of certain fees they would have been obligated to pay had they complied with the rules and regulations governing the certification process. You will hear more about Bahrani's claims below.

First, however, an overview of the False Claims Act, or FCA as it is sometimes referred to. The purpose of the False Claims Act is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government. A private individual, known as a "Relator," may bring a civil action for a violation of the False Claims Act for himself and for the United States Government in the name of the United States. The Government may elect to intervene and proceed with the action or, if the

7

Government declines to intervene, the Relator may continue the action on his own. Either way, the Relator receives a share of any Government recovery.[2]

Not all instances of fraud are actionable under the False Claims Act. For example, the Act prohibits courts from considering claims that are "based upon" the public disclosure of allegations or transactions in previous litigation or by the new media *unless* the person bringing those claims is an "original source" of the information on which his claims are based.[3]

In this case, Plaintiff Ali Bahrani is the Relator and he is pursuing a number of claims on behalf of the United States Government against Conagra and other Conagra-related entities (which I will refer to, collectively, as "Conagra"). Specifically, Bahrani claims that over a period of years, he observed Conagra employees regularly making changes to meat and hide export certificates when they should have secured replacement certificates from the government for a fee. By avoiding having to pay the replacement certificate fees, Bahrani claims Conagra defrauded the government. Bahrani seeks to recover those fees for the government, securing a share of that recovery for himself.

Conagra denies it was required to obtain replacement certificates for the changes at issue and denies Conagra or any of its employees have defrauded the government out of

---

[2] From *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1041 (10th Cir. 2004).

[3] We will use the broad *Precision/Grynberg* (as applied in *Boothe*) standard for assessing whether Bahrani's claims are "based upon" a preexisting public disclosure and the *Boothe* standard for determining whether B qualifies as an "original source" of the information on which *his* allegations are based.

replacement certificate fees.  More importantly, however, is Conagra's contention that Bahrani cannot bring this action at all under the FCA's public disclosure bar because it is "based upon" public disclosures from previous litigation and because Bahrani is not otherwise "an original source" for his claims.   Specifically, Conagra contends Bahrani's claims are based on information gleaned from a case known as the *Kim* litigation in California and that he has no direct and independent knowledge of the information on which his claims are based as would qualify him as an "original source."

Accordingly, this case is proceeding in two, separate phases.  In the first phase, a jury will make the findings necessary to a determination of whether Bahrani may proceed with his action under the FCA's public disclosure bar and its "original source" exception.  If so, the case will proceed to a second phase in which a special master or other jury will make findings on the merits of Bahrani's claims.  You are the jury for the first phase, and it is your job to determine (1) whether this action is, in fact, "based on" information that was publicly disclosed in the *Kim* litigation and, if so, (2) whether Bahrani nevertheless qualifies as "an original source" of the information underlying his claims in this action so that he may proceed with those claims irrespective of the bar.  The following instructions will help you make these determinations.