IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **00-cv-1077-JLK**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,

v.

**CONAGRA, INC.,
CONAGRA HIDE DIVISION,
CONAGRA BEEF COMPANIES, and
MONFORT, INC.,**

    Defendants.

---

**ORDER APPOINTING F.R.E. 706 EXPERT RE REPLACEMENT EXPORT
CERTIFICATE "OBLIGATION" ISSUE**

---

Judge John L. Kane **ORDERS**

    As articulated by the Tenth Circuit in its ruling reversing in part my grant of summary judgment in favor of Defendants and remanding this case for further proceedings, this case is about whether Conagra's actions in making changes directly to original hide export certificates rather than obtaining corrected "in lieu of" or replacement certificates constituted the avoidance of an "obligation" under 31 U.S.C. § 3729(a)(7). *United States ex rel. Bahrani v. Conagra*, 465 F.3d 1189, 1200 (10th Cir. 2006). While neither the legal authorities provided by the Relator nor the evidence he provided through Dr. Mina and others in opposition to Defendants' Motion for Summary Judgment supported an assertion that new certificates are required "every time a change to an existing certificate is made," the Court determined the fact new certificates are not required every time "does not foreclose the possibility that new certificates (and the accompanying fees) are required in some instances." *Id.* at 1200.

While it remains my position that the "requirement" or "obligation" avoided for purposes of establishing a reverse false claim under § 3729(a)(7) is a question of law premised solely on the applicable statutory and regulatory USDA framework, and not a question of fact for the jury, the Tenth Circuit has spoken.  In the coming trial on Relator's claims that Conagra defrauded the government when it made corrections directly to a particular export certificate rather than obtain a replacement certificate for a fee, the law of the case is that doing so constituted the avoidance of an "obligation" under § 3729(a)(7) governing reverse false claims only if the original certificate "contained a major or significant error or omission and that an 'in lieu of' or replacement certificate and payment of the accompanying fee was necessary." *Bahrani*, 465 F.3d at 1202.  Because it is the "discovery" that changes to correct such errors or omissions "are necessary" that creates the obligation rather than the "making of the corrections" on the original certificates themselves, *see id.*, the jury in this case must do more than simply assess the nature of the change(s) made to an individual certificate.  That is, the jury must assess both the nature of the change (whether it corrected a "major or significant error or omission" in the original certificate) *and* determine whether the discovery of such an error or omission necessitated the securing of a replacement certificate.  It is to aid the jury in assessing the nature of the error or omission in a given certificate (or category of certificates) and determining whether the discovery of such an error or omission necessitated the securing of a replacement certificate under the applicable USDA inspection regulatory scheme, that an unaligned expert's testimony is sought.

Accordingly, I solicited nominations from the parties of individuals with specific USDA hide export certificate inspection experience who might be willing to serve as the court's expert

in this regard. Upon review of the parties' various submissions regarding the selection of such an expert, and pursuant to the procedures set forth in F.R.E. 706(a), I appoint retired APHIS veterinarian Dr. John Gray, of Sparks, Nevada, to be the court's expert witness on the facts, regulatory scheme and industry standards and practices necessary to a determination of whether the individual changed original hide export certificates at issue contained a "major or significant error or omission" that "necessitated" the securing of a replacement certificate for a fee to correct rather than permitting an employee simply to make the correction to the original certificate directly.[1] To the extent the parties' proposed restrictions or limitations on the scope of Dr. Gray's testimony conflict with the interpretation of the Tenth Circuit's rulings and my analysis of them as contemplated by my charge to Dr. Gray, they are rejected.

1. <u>Joint Proposal Regarding Court Appointed Expert Procedures</u>. In order to effect the purposes of F.R.E. 706 and secure the most helpful testimony for the jury, Dr. Gray shall be provided with copies of the all pleadings and filings relevant to his task as well as all of the hide export certificates on which Relator's claims are based.[2] So that the parties may be afforded

---

[1] Dr. Sparks was one of Defendants' nominees. I initially placed a telephone call to one of Relator's nominees, Dr. Joan M. Arnoldi of Brooklyn, Wisconsin, regarding the potential appointment, but called Dr. Sparks when I did not hear back from her.

[2] I recognize that the world of relevant certificates may be reduced depending on my ruling on Defendants' June 3, 2008 Motion in Limine to Exclude Certificates Changed after the Term of the Relator's Employment (Doc. 297), currently in briefing. For the time being, however, Dr. Sparks should be provided with of all of the hide export certificates that form the basis of Relator's claims. Nor does Defendants' filing, on Friday, June 20, 2008, of a new Motion for Summary Judgment (Doc. 311) affect Dr. Sparks's appointment or the initial scope of his duties. That Motion, which is premised on the U.S. Supreme Court's June 9, 2008 opinion in *Allison Engine Co., Inc. v. United States ex rel. Sanders*, __ S. Ct. __, 2008 WL 2329722, will be ruled on once it is fully briefed. If the ruling disposes of the case, or otherwise affects the scope of Dr. Sparks's duties, he will be so informed.

maximum input as to what materials Dr. Sparks has available, they shall confer and submit a **Joint Proposal Regarding Court-appointed Expert**. The Proposal is due on or before July 3, 2008, and shall include a list of documents, pleadings and materials the parties' believe should be forwarded to Dr. Gray. The proposal should also include the parties' suggestions regarding the nature and content of Dr. Gray's testimony, a timeline for any written report or findings desired, and the parties' proposals regarding expert discovery and the appointment and compensation of counsel to represent Dr. Gray in such discovery. If a joint scheduling/status conference with the Court and Dr. Gray, via telephone or otherwise, is desired, the parties should also so state.

The parties may agree and jointly submit the original certificates to Dr. Gray by category of changes (or errors/omissions corrected) made, or may ask that Dr. Sparks make the necessary distinctions as part of his duties. The categories of changes should at least include the categories identified by the Tenth Circuit in their remand decision. *See* 465 F.3d at 1200 (changes requiring new certificates include "major" changes such as "when 'the customer needs an entirely different shipment or . . . the weights used for the hides are completely wrong as opposed to one digit being incorrect or transposed'" . . . or "when there are 'changes to the product information, which would include changes to the number of pelts or pieces, the type of hide, or the weight . . . [or] significant changes to the identification information, including entirely different container numbers or significant changes to the port of loading or port of discharge"). The principal duty of the court-appointed expert, however, will be to identify the types of changes/corrections that would trigger, in his expert opinion, the realization or understanding upon being discovered that a replacement certificate was necessary and that

simply making those changes/corrections to the existing certificate improper under the applicable statutory and regulatory scheme in operation at the time.

2. Scope of Duties. Dr. Gray shall prepare and provide testimony to the jury regarding the statutory and regulatory scheme governing the hide export certification process during the relevant time period (with the understanding that this time period may change depending on my ruling on Defendants' June 3 Motion in Limine (Doc. 297)) and the types of errors or omissions on a particular hide export certificate that would necessitate the securing of a replacement certificate to correct rather than simply permit the correction to be made on the erroneous certificate itself.

3. Compensation. Discovery costs associated with any expert discovery of Dr. Gray, including payment of a reasonable hourly fee for his time, shall be born by the party seeking such discovery. I reserve the right to order reasonable compensation for Dr. Gray and to treat those costs in like manner as other costs or apportion them differently as is appropriate, at the conclusion of the proceedings.

Based on the foregoing, the parties' Joint Proposal Regarding Court-Appointed Expert is due on or before July 3, 2009. Upon review of the parties' Joint Proposal, I may set a joint status/scheduling conference to further refine the procedures necessary for securing Dr. Gray's best testimony for the September 2008 trial in this matter. For administrative purposes, the Clerk's Office is directed to add Dr. John Gray, 6521 Lonnie Ct., Sparks, NV 89436, as an interested party in this case.

Dated: June 24, 2008                                   **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE

c: Dr. John Gray