IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **00-cv-1077-JLK**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

Plaintiffs,

v.

**CONAGRA, INC.,**
**CONAGRA HIDE DIVISION,**
**CONAGRA BEEF COMPANIES, and**
**MONFORT, INC.,**

Defendants.

---

### ORDER RE DOC. 462

---

Kane, J.

I have reviewed Relator's Motion to Provide Instruction in Response to Juror's

Question of Law (Doc. 462) and deny the Motion without prejudice. The impromptu

question to which Relator refers was posed yesterday, orally and in open court, by a juror

immediately after the jury instructions were read. It was not the "corporate scienter"

questioned characterized by Relator in his Motion, and it was answered in open court at

the time.[1] I note the jury had not yet commenced its deliberations, and it was not a formal

question posed by the jury in accordance with Instruction 4.5. The jury did not

commence its deliberations until this morning, and has been doing so for more than an

---

[1]    The juror's question related to a form of "piggy-backing" or "stacking," by two or
more employees, of the requisite action (changing an export certificate) and scienter. The
question, specifically, was whether Conagra could be found liable if one employee acted to
change an export certificate when a different employee had the requisite "knowledge" or scienter
that doing so required getting a replacement. Rep. Tr., Excerpt of Trial to Jury, Day 6, pp. 3-5.

hour without reference to the individual juror's question and without sending out a note or any other formal request for guidance on the scienter issue.

Moreover, the corporate scienter concern framed by Relator in his Motion and discussed in *Harrison v. Westinghouse*, the case on which he relies, is already incorporated into the jury instructions in this case. Instruction 3.5 instructs jurors as follows:

> [Y]ou may find that *Conagra* acted 'knowingly' for purposes of making a reverse false claim if *the employee* making the change to a particular hide export certificate made a 'major' or 'significant' change directly to the certificate without getting a replacement and
>
> 1. Has actual knowledge at the time he or she made the change that the change required getting a replacement certificate;
>
> 2. Knew certain types of changes required getting a replacement certificate but deliberately chose not to find out whether the change he or she wanted to make fell into that category; OR
>
> 3. Knew certain types of changes required getting a replacement certificate but acted recklessly with regard to whether the change he or she wanted to make fell into that category.
>
> * * *
>
> In determining whether *a* Conagra *employee* 'knowingly' avoided an obligation to get a replacement certificate under these standards, you are instructed that the salient moment in time is when the employee discovered that a 'major' or 'significant' change was necessary, but chose to make the change directly instead of getting a replacement. In other words, the employee must 'know' (or be deliberately ignorant of or recklessly disregard the fact that), at the time he or she makes the change, that the change being made is the type of change that requires getting a replacement certificate.

Instruction 3.5 (emphasis added).

This instruction covers both the individual juror's question raised yesterday and the Relator's *Harrison* concern raised via Motion this morning. The jury may find *Conagra*, defined elsewhere in the instructions to include all four named Defendants (Instr. 1.2) and able to act "only through their officers and employees" (Instr. No. 1.17),[2] liable under the FCA for a reverse false claim upon proof that *an individual employee* made a change, on an individual hide export certificate, with the requisite scienter, *at the time* the change was being made (Instr. 3.5). The Tenth Circuit has made clear that the jury's inquiry was to be on a certificate-by-certificate basis. In other words, the jury must find Conagra liable for the acts of a single, individual employee in changing a single, individual certificate to find that particular change constituted a single violation of 31 U.S.C. § 3729(a)(7).

If the jury sends out a formal question on either the "piggy-backing" or *Harrison* "corporate scienter" issue, I will immediately notify counsel and we will work together to answer that question in accordance with my rulings and with the procedure set forth in Instruction 4.5. In the interim, Relator's Motion (Doc. 462) is DENIED without prejudice to the issue being re-raised upon further inquiry by the jury.

Dated March 18, 2009.  **s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

---

[2]  Instruction 1.17 further instructs the jury that "[a]ny act . . . of an officer or employee while acting within the scope of his or her employment or authority *is the act . . . of the corporation*." (Emphasis mine.)