IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-1077-JLK-KLM**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,

v.

**CONAGRA, INC.; CONAGRA HIDE DIVISION; CONAGRA BEEF COMPANIES, and MONFORT, INC.,**

_____

**AMENDED ORDER FOR JUDGMENT**
_____

KANE, J.

    The first phase of the bifurcated trial in this reverse-false claim *qui tam* action commenced on April 28, 2008 and resulted in a jury verdict finding Relator Ali Bahrani was not the original source of his meat export certificate claims. The second phase of the trial, which was then limited to Relator's reverse-false claims related to hide export certificates, was tried to a jury of 12 commencing Monday, March 9, 2009. After less than a day of deliberations yesterday, the jury returned a verdict finding that, of the 1000+ certificates proffered by the Relator as reverse false claims under 31 U.S.C. § 3729(a)(7), five had been changed in a "major" or "significant" way, and all five had been changed under circumstances where the employee who made the changes did so "knowing" that rather than making the changes directly to the certificate, he or she was required to secure a replacement certificate at a cost of $21.50 payable to the United States Government. *See* Special Verdict Form (attached), Questions 1 - 3. Because actionable *scienter* in this

case was framed in terms of "knowledge," rather than intent,[1] these findings support the entry of judgment in favor of Relator and against Defendants on five of Relator's reverse false claims under 31 U.S.C. § 3729(a)(7), and in favor of Defendants and against Relator on Relator's remaining 995+ reverse false claims.

*Damages and Penalties under § 3729(a)(7).*

With regard to damages and penalties awarded to a relator who succeeds on a reverse false claim, 31 U.S.C. § 3729(a)(7) provides that anyone who "knowingly makes a false . . statement to conceal, avoid, or decrease and obligation to pay or transmit money . . . to is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,00], plus 3 times the amount of damages which the Government sustains because of the act of that person." FCA damages and penalties are mandated under the statute. Given the disparity in this case between the amount of actual damages suffered by the Government per violation ($21.50) and the penalty range of $5,500 to $11,000, Relator is awarded the smallest amount in that range. Even then, because FCA damages and penalties are at least partly punitive, the resulting award in this case may be subject to a challenge under the Eighth Amendment's proscription against excessive fines.

---

[1] I note that the jury, in an advisory capacity in the event the Tenth Circuit adopts the Supreme Court's *Allison Engine* intent or purpose to defraud standard for *scienter* on appeal, also found that the employee actions in changing the five certificates at issue in a "major" or "significant" way were not made with the intent or purpose of concealing, avoiding or decreasing any obligation to secure and pay for replacement certificates. *See* Special Verdict Form, Question 4.

Based on the foregoing, the amount of damages and penalties for which Defendants are liable is $5,564.50 for each of the five violations of 31 U.S.C. § 3729(a)(5) found by the jury. This amount reflects calculations of 3 x $21.50 (three times the actual damages suffered by the Government for each failure to get a replacement certificate) plus $5,500 in civil penalties.

*Costs under Fed. R. Civ. P. 54(d) and Prejudgment Interest.*

Given that Relator prevailed on fewer than .5% of his hide-based claims, and none of his meat based claims, I conclude he is not a prevailing party entitled to costs under Fed. R. Civ. P. 54(d). Nor do I fin Relator entitled to prejudgment interest.

*Order.*

Based on the foregoing, judgment shall enter in favor of Relator and against Defendants on five of Relator's 1000+ reverse false claims under 31 U.S.C. § 3729(a)(7) for a total amount of damages and civil penalties of **$27,822.50**. Judgment shall enter in favor of Defendants and against Relator on his remaining 995+ hide-based reverse false claims under the FCA, as well as on all of Relator's meat-based reverse false claims. Relator shall be entitled to statutory post-judgment interest on the damages and penalty award at the applicable federal rate. The parties shall bear their own costs.

Dated March 19, 2009.   **s/John L. Kane**
                        SENIOR U.S. DISTRICT JUDGE