IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-1077-JLK-KLM**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,

v.

**CONAGRA, INC.; CONAGRA HIDE DIVISION; CONAGRA BEEF COMPANIES, and MONFORT, INC.,**

    Defendants.

This Order also applies to the **UNITED STATES OF AMERICA,** as

    Interested Party.
_____

**ORDER**
_____

KANE, J.

    Relator's Motion to Alter or Amend Judgment (Doc. 475) is GRANTED in part and DENIED in part.

    The request to assess and allocate Relator's portion of fines and penalties is GRANTED to require Relator and the United States as Interested Party to attempt to resolve the question informally between them.  The Court's view, which is not intended to bind either party during informal negotiations, is that Relator should receive 100% of the $27,822.50 awarded by the jury, plus postjudgment interest.  If the Relator and the Government cannot reach resolution on an appropriate allocation of the fines and penalties awarded, the matter will be referred to Magistrate Judge Mix for her

Recommendation. The request for an award of "costs and expenses," including attorney fees, pursuant to 31 U.S.C. § 3730(d) is DENIED without prejudice to its being asserted in a formal motion subject to briefing and a hearing. Because the False Claims Act authorizes the recoupment of expenses "necessarily incurred" for the collection of the damages and civil penalties awarded, the question on such a Motion will be what amount of Relator's fees, costs and expenses were "necessary" to the collection of the $27,822.50 (plus interest) awarded. Again, the Court's nonbinding predilection is, "Not much."

Based on the foregoing, IT IS ORDERED THAT

1. Counsel for Mr. Bahrani and counsel for the United States as Interested Party (Ms. Amanda Adams Rocque is currently of record in this case) shall, within the next 10 days, meet and confer for the purpose of reaching informal resolution of the question of what amount of the $27,822.50, plus postjudgment interest, is allocable to Mr. Bahrani as Relator. Relator shall file a Status Report on the status of these negotiations on or before April 15, 2009. If the Government and the Relator are unable to reach agreement on the allocation, the matter will be referred to Magistrate Judge Mix for resolution.

2. Relator shall file its request for expenses, attorney fees and costs pursuant to 31 U.S.C. § 3730(d)(2) by formal Motion on or before April 20, 2009 accompanied by an affidavit of counsel itemizing the amounts requested in the various categories as well as an affidavit from a disinterested expert attesting to the reasonableness of the expenses, costs and attorney fees requested, as well as the

necessity of their expenditure for the recovery attained.  Defendants' response, with rebuttal affidavit(s), is due on or before May 8, 2009.  Given the nominal recovery attained by the Relator in this case and the expenses associated with the briefing and submissions described, the parties are strongly encouraged to negotiate an informal resolution of this question before the April 20, 2009 Motion due date.


Dated April 1, 2009.          **s/John L. Kane**
                                      SENIOR U.S. DISTRICT JUDGE