IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **00-cv-1077-JLK-KLM**

**UNITED STATES OF AMERICA, ex rel, ALI BAHRANI,**

    Plaintiffs,

v.

**CONAGRA, INC.; CONAGRA HIDE DIVISION; CONAGRA BEEF COMPANIES, and MONFORT, INC.,**

    Defendants.

This Order also applies to the **UNITED STATES OF AMERICA,** as

    Interested Party.
_____

**ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (TO ADD AWARD OF COSTS)**
_____

KANE, J.

This matter is before me on Defendant's Motion to Alter or Amend Judgment (Doc. 554), seeking an award of costs under Fed. R. Civ. P. 54(d) in light of the Tenth Circuit's penultimate decision in this ten-year long case reversing the jury's partially favorable verdict and ordering that judgment enter in favor of Defendant on all Relator's claims. The Tenth Circuit's ruling, which essentially validated this court's original determination in 2004 that Relator's claims were ill-founded as a matter of fact and law and should not proceed to trial, is an unfortunate bookend to the Tenth Circuit's reversal of that summary judgment determination in 2007.

Rule 54(d) provides that "costs – other than attorney fees – should be allowed to

the prevailing party" in a civil case. There is no doubt that Defendant, ultimately and after ten years of back and forth, was the prevailing party in this case. While Relator is correct that Rule 54(d) creates only a presumption that a district court will award costs to the prevailing party in a civil case, none of the exigencies he avers – i.e. his indigence, the "closeness" of the legal issue, the "disincentive" such an order would cause for future relators to pursue such cases – overcomes the presumption or convinces me to require Defendant to bear the cost of having to defend against Relator's claims.

The truth is, Relator should not have brought this case and to the extent my refusal to shift its costs from Relator to Defendant serves to "disincentivize" future relators from bringing similar FCA reverse false claim actions in the future, that is to the good. After ten years of litigation, the high water mark for this Relator was a jury's determination that changes made to a handful of hide export certificates deprived the U.S. government of $107 in fees it would have assessed to re-issue them, if asked to do so. There was no great fraud perpetrated. There was no great principle at stake.

Having said that, I am deeply ambivalent about ordering the Relator to pay Defendant's post-2007 costs which, in my view, should never have accrued. But accrue they did. While it is my sincere hope that Defendant considers Relator's averred indigence, as well as the fact that so much of Defendant's accrued costs were the result of the truly pyrrhic victory the Tenth Circuit's 2007 decision afforded Relator, in any effort to collect costs ultimately taxed, Relator has not convinced me Defendant should be denied them. *See Cantrell v. International Broth. of Elec. Workers*, 69 F.3d 456, 458

-459 (10th Cir. 1995), *quoting In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1st Cir.1993) ("[T]he power to deny recovery of costs that are categorically eligible for taxation under Rule 54(d) ... operates in the long shadow of a background presumption favoring cost recovery for prevailing parties.")

The passions and false hope fomented in this case both by Relator's counsel and the Tenth Circuit resulted in a colossal waste of resources with little concomitant benefit to anyone other than the lawyers involved. It is a pity. For the reasons stated in *Cantrell*, however, I GRANT the Motion to Alter or Amend (Doc. 554) and ORDER that the Judgment on remand be amended to reflect an award of costs to Defendant pursuant to Fed. R. Civ. P. 54(d). The parties are urged to negotiate a fair resolution of the cost issue in light of the views expressed above, and the fact that justice has largely failed all of those involved.

Dated January 20, 2011.     **s/John L. Kane**
                            SENIOR U.S. DISTRICT JUDGE